IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**FREDERICK BERNARD SMILEY,**  *
                               *
    **Plaintiff,**            *
                               *
vs.                            * CIVIL ACTION NO. 15-00090-KD-B
                               *
**CIRCUIT COURT OF MOBILE COUNTY,** *
**AL,** *et al*.,              *
                               *
    **Defendants.**           *

**REPORT AND RECCOMENDATION**

Plaintiff Frederick Bernard Smiley, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 (Doc. 1). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and is now before the Court due to Plaintiff's failure to comply with the Court's directives.

When Plaintiff initiated this action, he sought permission to proceed without prepayment of fees. (Doc. 2). Based upon a review of the institutional record of Plaintiff's inmate account for the six month period preceding the filing of this action, the Court, in an order dated March 26, 2015 (Doc. 6), determined that Plaintiff is able to pay a partial filing fee of $5.78. Accordingly, Plaintiff was directed to pay a partial filing fee in the amount of $5.78. (Id.). Subsequent thereto, Plaintiff repeatedly requested and was granted additional time in which to

pay the $5.78 partial filing fee. (Docs. 7, 8, 9, 10, 11). At the Court's directive, Plaintiff submitted an updated financial statement on July 6, 2015. (Doc. 13).

In an order dated July 11, 2016 (Doc. 14), the undersigned observed that more than a year had elapsed since Plaintiff submitted his updated financial statement, and during that time, he had not paid the partial filing fee or provided any updated information demonstrating that he is unable to pay the partial filing fee. Accordingly, Plaintiff was directed to show cause, by August 11, 2016, why this action should not be dismissed for failure to comply with the Court's order directing the payment of the partial filing fee in the amount of $5.78. Plaintiff was expressly advised that to the extent he contends that he is unable to pay the partial filing fee, he should file, by August 11, 2016, an updated statement, signed by an appropriate prison official, reflecting all deposits into his prison account from May 31, 2015 through the date of the order.

Plaintiff was cautioned that the failure to comply with the order within the prescribed time or to notify this Court of a change in address would result in a recommendation that this action be dismissed for failure to prosecute and to comply with the Court's order. To date, Plaintiff has not paid the partial filing fee, submitted an updated financial statement reflecting all deposits into his account since May 31, 2015, or responded

2

to the Court's order dated July 11, 2016. (Doc. 14). And, his copy of the Court's order dated July 11, 2016 has not been returned to the Court. Thus, the Court assumes that Plaintiff has lost interest in this action.

Due to Plaintiff's failure to comply with the Court's order dated July 11, 2016 (Doc. 14), and upon consideration of the alternatives available to the Court, the undersigned recommends that this action be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure as Plaintiff has failed to comply with the Court's directives, he appears to have lost interest in this action, and no other lesser sanction will suffice. Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); Betty K. Agencies, LTD v. M/V Monada, 432 F. 3d 1333, 1337-1338 (11th Cir. 2005); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983). Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related

3

expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.) (finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **9th** day of **September, 2016.**

                                             /S/SONJA F. BIVINS
                                     **UNITED STATES MAGISTRATE JUDGE**